**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

DIANE K. MATHIEU and JOHN R. MATHIEU, CO-TRUSTEES OF DIANE L. MATHIEU REVOCABLE TRUST UNDER TRUST DATED JULY 17, 2002; DIANE L. MATHIEU, individually and as spouse of JOHN R. MATHIEU; and JOHN R. MATHIEU, individually and as spouse of DIANE L. MATHIEU; DIANE L. MATHIEU and JOHN R. MATHIEU, as parents and natural guardians for HAILEY HUNTER MATHIEU and SHELBY LYNN MATHIEU,

CASE NO.:

      Plaintiffs,

vs.

MID-CONTINENT CASUALTY COMPANY, a foreign corporation; and ASSAD-CORACE CONSTRUCTION, INC., a Florida corporation,

      Defendants.
_____/

**NOTICE OF REMOVAL**

    MID-CONTINENT CASUALTY COMPANY, ("Mid-Continent"), a foreign corporation, respectfully sets forth its grounds for removal as follows:

    1.    This is a declaratory judgment by the Plaintiffs, DIANE L. MATHIEU and JOHN R. MATHIEU, individually and as co-trustees of the DIANE L. MATHIEU REVOCABLE TRUST UNDER TRUST DATED JULY 17, 2002; and as parents and natural guardians of HAILEY HUNTER MATHIEU and SHELBY LYNN MATHIEU (hereinafter collectively referred to as "Mathieu") against Mid-Continent and ASSAD-CORACE CONSTRUCTION, INC. ("Assad-Corace"). Mathieu seeks a judicial declaration against Mid-Continent with regard to Mid-Continent's duty to indemnify Assad-Corace for a lawsuit filed against it by the Mathieus, filed in Collier County, Florida, Case No. 07-0439-CA-CAE ("the underlying

lawsuit"). A copy of the Mathieu complaint and exhibits, which includes the third amended complaint in the underlying lawsuit is attached as Exhibit "A."

2. The declaratory judgment action was served on the Department of Financial Services Suit on or about June 16, 2010, and was forwarded to Mid-Continent on or about June 21, 2010.

3. Defendant, Mid-Continent, was at all material times, including but not limited to, at the time this action was commenced and at the time the Notice of Removal was filed, a citizen of a state other than Florida, being incorporated in Ohio, with its principal place of business in Tulsa, Oklahoma.

4. The Plaintiffs, Mathieu were at all material times, including but not limited to, at the time this action was commenced and at the time the Notice of Removal was filed, citizens of Florida.

5. Assad-Corace was at all material times, including but not limited to, at the time this action was commenced and at the time the Notice of Removal was filed, a citizen of the state of Florida, as it is a Florida corporation with its principal place of business in Collier County, Florida.

6. This removal is timely filed by the Defendant within 30 days of the Defendant's first knowledge that the case was removable pursuant to 28 U.S.C. §1446 (b).

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000. This is based upon the allegations of the underlying complaint and attachments which indicate that the original cost of the home was in excess of $1,700,000.00 and that the home was substantially damaged by water intrusion as well as the bodily injury claims of the Mathieus and their children.

14481537v1 879148 56475

8.  The Mathieu complaint does not allege any cause of action against any defendant other than Mid-Continent for declaratory relief. *See* Exhibit A.

9.  Assad-Corace's interest, if any, is aligned with the Mathieu's as they would both seek coverage under the Mid-Continent policy. The Mathieus sued Assad-Corace, as the general contractor for the construction of the home purchased by the Mathieus. The Mathieus, in turn, brought the present declaratory judgment action as claimants against Assad-Corace, Mid-Continent's insured. The Mathieus are seeking indemnification from Mid-Continent for the underlying lawsuit. Mid-Continent has reserved its rights not to indemnify its insured for all or a portion of the underlying lawsuit. It is clearly in both Assad-Corace's and the Mathieu's interest that there be coverage under the Mid-Continet policy and therefore their interests are aligned with one another. Assad-Corace's interests are not aligned as a co-defendant of Mid-Continent.

10.  Under the "primary purpose" test pertaining to realignment of the parties, the fact that Assad-Corace was also sued by the Mathieus is of no consequence in determining diversity jurisdiction and, thus, co-defendants' consent is not necessary. *See City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 69 (1941) (It is the duty of the federal courts to look beyond the pleadings, and arrange the parties according to their sides in the dispute, and these interests are to be determined from the principal purpose of the suit and the primary controlling matter in dispute.); *Federal Ins. Co. v. Harbert Cost. Co.*, 82 F. Supp. 2d 1331 (S.D. Ala. 1999)( The court adopted the "primary purpose" as opposed to the "actual or substantial controversy" test to determine the proper alignment of the parties.); *Indemnity Ins. Co. v. First National Bank*, 351 F.2d 519, 522 (5th Cir. 1965)(adopted the "primary purpose" test in the Fifth Circuit); *Weller v. Navigator Marine, Inc.*, 737 F.2d 1547 (11th Cir. 1984) (for diversity purposes, parties are aligned according to their true interests and positions asserted in the litigation).

11. As Mid-Continent is not a citizen of the State of Florida, and the plaintiffs, Mathieus, and Defendant, Assad-Corace (who's interests are aligned with the Mathieus) are citizens of Florida, and because the amount in controversy is in excess of $75,000, exclusive of interest and costs, this action is properly removable to this Court pursuant to 28 U.S.C. §1441.

12. A copy of this Notice will be promptly filed with the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

13. By filing this Notice of Removal Mid-Continent consents to the removal of this case from State to Federal Court.

14. In accordance with 28 U.S.C. §1446 (b), a copy of all process, pleadings and orders served upon Defendant are attached to this Notice.

WHEREFORE, MID-CONTINENT CASUALTY COMPANY, respectfully requests this Court remove the action now pending against it in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, pursuant to the provisions of 28 U.S.C. §1441.

Respectfully submitted this 13th day of July, 2010

HINSHAW & CULBERTSON LLP

_____
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
9155 S. Dadeland Boulevard
Suite 1600
Miami, FL 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for MID-CONTINENT CASUALTY COMPANY

14481537v1 879148 56475

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via the CM/ECF system and served via U.S. Mail on July 13, 2010, to: Brad E. Kelsky, Esq., Law Offices of Brad E. Kelsky, P.A., 10189 Cleary Blvd., Suite 102, Plantation, Florida 33324.

HINSHAW & CULBERTSON LLP

*[signature]*

Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
9155 S. Dadeland Boulevard
Suite 1600
Miami, FL 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for MID-CONTINENT CASUALTY COMPANY

5